IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WARREN PASCHAL, JR., | : | |
| Plaintiff, | : | |
| v. | : | Case No. 4:24-cv-101-CDL-AGH |
| Doctor JOSHUA MASDON, *et al.*, | : | |
| Defendants. | : | |

## **ORDER**

On July 3, 2024, Plaintiff filed a complaint (ECF No. 1) but he did not pay the filing fee. The Court ordered Plaintiff to pay the $405.00 filing fee or to file a motion to proceed *in forma pauperis* ("IFP") (ECF No. 4). In response, Plaintiff filed a motion to proceed IFP (ECF No. 5). On September 25, 2024, the Court denied Plaintiff's motion to proceed IFP and ordered him to pay the filing fee within fourteen days (ECF No. 8). On October 10, 2024, Plaintiff filed a "response" to the Court's September 25, 2024 Order, in which he asserts that he is 80 years old, his wife passed away five years ago, and he lives alone (ECF No. 9).

To the extent Plaintiff again seeks leave to proceed IFP, that motion is **DENIED**. The allegations in his "response" do not alter the Court's prior conclusions that his original IFP motion fails to show that he is unable to pay the filing fee. Plaintiff's affidavit shows that he receives $1,400.00 per month, that he has no monthly expenses, that his home is paid for, that he receives assistance from Medicare and the VA, and that he owns real estate valued at $150,000.00. *See* Mot.

to Proceed IFP 1-5, ECF No. 5.

To the extent Plaintiff seeks reconsideration of the Court's prior Order denying him leave to proceed IFP, the Court notes that, pursuant to Local Rule, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. This Court has previously held that

> [m]otions for reconsideration are only appropriate if the movant can show: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.

*Thomas v. Owens*, No. 5:08-CV-414 (CAR), 2009 WL 3747162, at *1 (M.D. Ga. Nov. 4, 2009) (quotations omitted) (internal citations omitted).  Plaintiff makes no attempt to show any proper ground for reconsideration.  Accordingly, to the extent Plaintiff seeks reconsideration of the Court's prior Orders denying him leave to proceed IFP, his motion is **DENIED**.  Plaintiff is advised that the Court will summarily deny future motions seeking leave to proceed IFP that do not show proper grounds for reconsideration.

## CONCLUSION

To the extent Plaintiff again seeks leave to proceed IFP (ECF No. 9), his motion is **DENIED**.  To the extent Plaintiff seeks reconsideration of the Court's prior Order denying him leave to proceed IFP, that motion is **DENIED**.  Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to pay the full filing fee.  Failure to comply with this Order will result in the Court recommending the dismissal of this

action.

    **SO ORDERED**, this 7th day of February, 2025.

                                                    s/ *Amelia G. Helmick*
                                                  UNITED STATES MAGISTRATE JUDGE